**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LONNIE MOULTRY, on his own behalf
and others similarly situated,

    Plaintiff,

v.                                                                CASE NO: 8:07-cv-453-T-26MSS

CEMEX, INC., and GILBERTO PEREZ,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for an Order Permitting Court Supervised Notice to Potential Opt-in Plaintiffs (Dkt. 19) and Defendants' Response Opposing Plaintiff's Motion. (Dkt. 27). This action, brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), seeks damages for the failure of Defendant Cemex, Inc. (Cemex) to pay intrastate truck drivers over-time compensation. After careful consideration of the Motion, the Response and the various affidavits and exhibits, the Court concludes that the Motion should be granted but the conditionally certified collective class should be limited to those Plaintiffs working in Cemex's plants located in Tampa, Florida.

The specific collective class Plaintiff seeks to have conditionally certified consists of all current and former truck drivers who worked over-time hours for Cemex within the

last three years and did not receive full payment for all over-time worked.  Plaintiff has submitted his own affidavit along with seven other affidavits and declarations of other proposed opt-in Plaintiffs to prove that others are similarly situated.  (Dkt. 19).  Eighteen other notices of consent to join in as plaintiffs have been filed from current and former Cemex ready-mix delivery drivers out of Tampa.  (Dkts. 18, 21 & 22).  All substantiate, at this "notice" stage,[1] that there are similarly situated employees with claims of unpaid overtime who wish to opt-in to this action.  See Dybach v. Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

Defendants persuasively argue, however, that the geographical expanse of a nationwide class is unsupported by this record.  None of the affiants have any personal knowledge of Cemex's ready-mix operations or practices regarding overtime pay across the several states in which Cemex maintains its 283 ready-mix concrete plants.  Cemex apparently pays its truck drivers in the numerous plants according to many different methods, including payment based on a per load delivery as opposed to hourly wages. Additionally, not all of the so-called truck drivers for Cemex either deliver ready-mix concrete or work out of a ready-mix plant. Absent any affidavits or other evidence that any of the approximately 3,000 former or current truck drivers of Cemex working at

---

[1] The Eleventh Circuit has delineated two stages in the process of determining when certification of a collective action should be allowed—the notice stage, and the second stage, which occurs after a motion to decertify the class has been filed.  See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001).  The "notice" stage carries with it a fairly lenient standard.

plants geographically located outside Tampa, Florida, wish to participate in this action, this Court will not permit such a broad scope of notice.  Following the lead of a fellow district judge in the similar case of Rivera v. Cemex, Inc., 6:06-cv-687-GAP-DAB, pending against the same Defendant, this Court authorizes notice to current and former intrastate truck drivers employed by Cemex at its plants located in Tampa, Florida, only, who worked more than a forty-hour workweek within the last three years, but were not paid over-time compensation as required by the FLSA.

The Court has reviewed the proposed notification and opt-in form submitted by Plaintiff attached as an exhibit to the Motion.  As in the case of Rivera, the notice does not fully disclose that if a potential plaintiff opts-in and the action is unsuccessful, the plaintiff may be responsible for the Defendants' costs.  Thus, Plaintiff must amend the notice to include this information.  Attention is directed to the notification approved in Rivera, which can be found at docket 57 in 6:06-cv-687.  Plaintiff is directed to also change the definition of the conditional class to the following and add in the correct addresses for the plants located in Tampa, Florida, only:

> **ALL CURRENT AND FORMER INTRASTATE READY-MIX TRUCK DRIVERS EMPLOYED BY CEMEX, INC. AT ITS TAMPA PLANTS LOCATED AT------------------ AND WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK WITHIN THE LAST THREE (3) YEARS, AND WERE NOT PAID OVER-TIME PURSUANT TO THE FAIR LABOR STANDARDS ACT.**

Plaintiff shall also add the introductory paragraph describing the purpose of the Notice.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion for an Order Permitting Court Supervised Notice to Potential Opt-in Plaintiffs (Dkt. 19) is **GRANTED** for Defendant Cemex, Inc.'s plants located in Tampa, Florida.

(2) Plaintiff shall submit a revised proposed notification form in compliance with this order within ten (10) days. Defendants may file objections to that form within ten (10) days of it being filed with the court.

(3) Plaintiff shall simultaneously provide a courtesy copy of the proposed notice on a disc to chambers.

**DONE AND ORDERED** at Tampa, Florida, on September 7, 2007.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record