**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LONNIE MOULTRY, on his own behalf and
others similarly situated,

    Plaintiff,

v.                                                            CASE NO: 8:07-cv-453-T-26MSS

CEMEX, INC.,

    Defendant.
    _____/

**O R D E R**

Before the Court is Defendant's Motion to Strike Opt-in Plaintiffs Who are Not "Similarly Situated" to Named Plaintiff (Dkt. 83) and Plaintiff's Response. (Dkt. 90). After careful consideration of the Motion, Response, and the entire file, the Court concludes that the motion should be denied.

Defendant Cemex, Inc. (Cemex) seeks to strike all opt-in Plaintiffs who participated in the settlement supervised by the Department of Labor (DOL). Four opt-in Plaintiffs received and cashed checks from Cemex for amounts determined by the DOL to resolve the wage and hour claims for the period of time up to and including July 23, 2006. Three of the four also signed DOL Form WH-58 "Receipt for Payment of Back Wages." The WH-58 receipts contain the following language:

    [Opt-in Plaintiffs], hereby acknowledge receipt of payment in

> full from Cemex, Inc., . . . of unpaid wages, employment
> benefits, or other compensation due me for the period up to
> and including July 23, 2006 . . .under the Fair Labor
> Standards Act.

(Dkt. 83, Attachment 2). The WH-58 receipts also include the following notice to employees under the FLSA:

> Your acceptance of back wages due under the Fair Labor
> Standards Act means that you have given up any right you
> may have to bring suit for back wages under section 16(b) of
> that Act. Section 16(b) provides that an employee may bring
> suit on his/her own behalf for unpaid minimum wages and/or
> overtime compensation and an equal amount as liquidated
> damages, plus attorneys' fees and court costs. . . . Do not sign
> this receipt unless you actually have received payment of all
> back wages due.

(Dkt. 83, Attachment 2). Defendant gave some of the checks to opt-in Plaintiffs after they had filed their consent forms in this action.[1]

The class conditionally certified on September 7, 2007, consists of the following individuals:

> All current and former intrastate ready-mix truck drivers
> employed by Cemex, Inc. at its plants located in Tampa,
> Florida, only, who worked more than 40 hours in any
> workweek within the last three (3) years, and were not paid
> overtime pursuant to the Fair Labor Standards Act.

(Dkt. 31). The issue raised with respect to the opt-in Plaintiffs is whether they waived their right to seek overtime compensation for any period after July 23, 2006. While the Eleventh Circuit generally has held that accepting payment from an employer pursuant to

---

[1] Plaintiffs John Camp, Jason Alexander, Corey Brown, and William Febres filed their Consent to Join forms on October 15, 16, 16, and 29, 2007, respectively.

a settlement supervised by the DOL and executing a WH-58 receipt act as a full waiver of claims for unpaid wages,[2] the particular issue raised here has not been decided. The Ninth Circuit, however, has decided this particular issue, and held that the employee does not waive unpaid wages which fall outside the particular period articulated in the WH-58 receipt. See Dent v. Cox Commc'n Las Vegas, Inc., 502 F.3d 1141, (9th Cir. 2007).[3] A subclass may be formed for these opt-in Plaintiffs who are not similarly situated based on the waiver issue.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Strike Opt-in Plaintiffs Who are Not "Similarly Situated" to Named Plaintiff (Dkt. 83) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 15, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] See Niland v. Delta Recycling Corp., 377 F.3d 1244, 1247-48 (11th Cir. 2004).

[3] The Court notes, however, that the word "such" does not appear before the words "back wages" in the notice portion of the DOL Form WH-58 signed in this case. This change in language does not necessarily alter the holding of Dent because the specified time period still limits the waiver. In any event, Defendant does "not dispute that the opt-in plaintiffs who participated in the DOL settlement retain the right to seek overtime from July 23, 2006 through December 31, 2006." (Dkt. 83, p. 8).